UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

SCIENCE, LANGUAGE, AND ARTS
INTERNATIONAL SCHOOL,                                  Chapter 7
                                                       Case No. 22-40065-ess

                          Debtor.
-------------------------------------------------------------X

## ORDER AUTHORIZING THE RETENTION OF MYC & ASSOCIATES, INC. AS CUSTODIAN TO THE CHAPTER 7 TRUSTEE EFFECTIVE JANUARY 14, 2022

Upon the Application (Dkt. No. 13), of Richard J. McCord, as Chapter 7 Trustee (the "Trustee") for the Estate of Science, Language, and Arts International School (the "Debtor"), dated January 28, 2022 (the "Application") for an Order of the Court authorizing the Trustee to retain MYC & Associates, Inc. ("MYC"), as Custodian, effective January 14, 2022, and upon the Affidavit of Victor Moneypenny ("Moneypenny Affidavit"), sworn to on January 28, 2022, annexed as "Exhibit A" to the Application, and it appearing that MYC represents no interest adverse to the Estate of the Debtor in the matters upon which MYC is to be engaged and is a disinterested person within the meaning of Section 327(a) and 101 (14) of the Bankruptcy Code; it is therefore

**ORDERED**, that the Trustee, be and hereby is, authorized pursuant to 11 U.S.C. §327(a) and Bankruptcy Rule 2014 to retain MYC, as Custodian to the Trustee, effective January 14, 2022 on the terms of the Application and the Moneypenny Affidavit; and it is further

**ORDERED**, that, to the extent the terms of this Order are consistent with the Application and/or the Moneypenny Affidavit, the provisions of this Order shall control; and it is further

**ORDERED**, that as Custodian to the Trustee, MYC is required to keep reasonably detailed time records for services performed as Custodian except that onsite services rendered by

1

MYC, for which time records may be bundled to the large number of daily services being rendered by MYC, as defined in the Moneypenny Affidavit; and it is further

**ORDERED**, that prior to any increases in MYC's rates for any individual employed by MYC and providing services in this case, MYC shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the U.S. Trustee and any parties in interest that have filed a notice of appearance and request for notices. The supplemental affidavit shall explain the basis for the rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in §330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to §330 of the Bankruptcy Code; and it is further

**ORDERED**, that the pursuant to 11 U.S.C. §327(a), MYC shall seek compensation for its services on behalf of the Trustee, upon application to the Court and upon notice and a hearing pursuant to 11 U.S.C. §§330 and 331, Bankruptcy Rule 2016, and the Local Rules and the Guidelines of the Office of the United States Trustee; and it is further

**ORDERED**, that the compensation of MYC for its services on behalf of the Trustee shall be fixed by the Court in accordance with the applicable provisions of the Bankruptcy Code and Rules and Local Rules of this Court; and it is further

**ORDERED**, that the Trustee be, and hereby is, authorized to do such things, execute such documents and expend such funds as may be necessary to effectuate the terms and conditions of this Order.

NO OBJECTION
UNITED STATES TRUSTEE

By: */s/ Reema Lateef*_____
Dated: Brooklyn, New York
       March 3, 2022



Dated: Brooklyn, New York
March 16, 2022

Elizabeth S. Stong
United States Bankruptcy Judge

3